IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 21-10 Erie
)
MARCUS DWAYNE THOMPSON ) **(Under Seal)**

FILED
FEB 17 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Paul S. Sellers, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Distribution of fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance<br>On or about December 11, 2019 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) |

## II. ELEMENTS OF THE OFFENSE

### A. As to Count 1:

In order for the crime of distribution of fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant distributed or possessed with intent to distribute the controlled substance charged in the Indictment.

United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That methamphetamine is a Schedule II controlled substance.

21 C.F.R. § 1308.12(d); United States v. Gori, 324 F.3d 234, 240 (3d Cir. 2003).

4. That the mixture and substance containing a detectable amount of methamphetamine was 50 grams or more. 21 U.S.C. § 841(b)(1)(B)(viii).

Apprendi v. New Jersey, 530 U.S. 466 (2000).

## III. PENALTIES

**A. As to Count 1: Distribution of fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)):**

1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2. A fine not to exceed $5,000,000.

3. A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least eight (8) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

PAUL S. SELLERS
Assistant U.S. Attorney
PA ID No. 316175