**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Federal Courthouse*
*17 South Park Row*
*Room A330*
*Erie, Pennsylvania 16501* *814/452-2906*

September 7, 2023

Douglas H. Sullivan, Esquire
Sebald, Hackwelder & Knox
137 East 13th Street
Erie, Pennsylvania 16503

Re: United States of America v.
Marcus Dwayne Thompson
Criminal No. 21-10 Erie

Dear Mr. Sullivan:

This letter sets forth the agreement by which your client, Marcus Dwayne Thompson, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Marcus Dwayne Thompson and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Marcus Dwayne Thompson will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

A. The defendant, Marcus Dwayne Thompson, agrees to the following:

1. The defendant will enter a plea of guilty to Count One of the Indictment at Criminal No. 21-10 Erie, charging the defendant with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

LIMITED OFFICIAL USE

2. At the time Marcus Dwayne Thompson enters the defendant's plea of guilty, the defendant will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

3. Marcus Dwayne Thompson waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, Marcus Dwayne Thompson may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Marcus Dwayne Thompson may take a direct appeal from the sentence.

   Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

   Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

4. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Marcus Dwayne Thompson in the offense charged in

the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

3. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Marcus Dwayne Thompson and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Marcus Dwayne Thompson is:

(a) A term of imprisonment of not less than five (5) years and not more than forty (40) years;

(b) A fine of not more than $5,000,000;

(c) A term of supervised release of not less than four (4) years;

(d) A special assessment under 18 U.S.C. § 3013 of $100.

Since the maximum penalty for an offense to which the defendant is pleading guilty is punishable by 25 years or more, pursuant to 18 U.S.C. §§ 3559 and 3561, the defendant is not eligible for a sentence of probation.

2. The parties stipulate that the type and quantity of controlled substance attributable to Marcus Dwayne Thompson in this case for the purposes of § 2D1.1 of the Sentencing Guidelines is 428 grams of a mixture and substance containing a detectable amount of methamphetamine. This stipulation includes all relevant conduct as to drug quantity, under § 1B1.3 of the Guidelines, and represents the parties' best understanding on the basis of the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed. The foregoing stipulation does not preclude either

party from seeking guideline enhancements or reductions as to factors which are not the subject of the stipulation.

3. The parties understand that, to the extent applicable and pursuant to 21 U.S.C. § 862, the Court may, in its discretion, order that the defendant be ineligible for a period of five (5) years for all Federal benefits as defined in § 862(d).

4. This agreement does not preclude the government from pursuing any civil or administrative remedies against Marcus Dwayne Thompson or the defendant's property.

5. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

   Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

6. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Marcus Dwayne Thompson and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

ERIC G. OLSHAN
United States Attorney

PAUL S. SELLERS
Assistant United States Attorney

I have received this letter from my attorney, Douglas H. Sullivan, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

MARCUS DWAYNE THOMPSON

9/14/23
Date

Witnessed by:

DOUGLAS H. SULLIVAN, ESQUIRE
Counsel for Marcus Dwayne Thompson