IN THE UNITED STATES DISTRICT COURT

OF THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 21-10 Erie |
| MARCUS THOMPSON, | ) | |
| DEFENDANT. | ) | |

**DEFENDANT'S MOTION FOR CONSIDERATION FOR SAFETY VALVE ELIGIBILITY**

Defendant, Marcus Thompson, by and through Counsel, Sebald, Hackwelder & Knox, Attorney Douglas H. Sullivan, Esquire, hereby moves this Honorable Court for consideration for Safety Valve Eligibility. In support thereof, it is averred as follows:

1. In review of the Pre-Sentence Investigation Report, and by virtue of other efforts to discern Mr. Thompson's eligibility, the issue arises of Mr. Thompson's eligibility for Safety Valve eligibility.

2. The pertinent statute reads, 18 U.S.C. 3553(f) in pertinent part:

   Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act, . . . the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation that –

   (1) The defendant does not have ---

   (A) More than 4 criminal history points excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

   (B) A prior 3-point offense, as determined under the sentencing guidelines; and

   (C) A prior 2-point violent offense, as determined under the sentencing guidelines;

(2) The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) The offense did not result in death or serious bodily injury;

(4) The defendant was not an organizer, leader, manager, or supervisor of others in the offense as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise as defined in section 408 of the Controlled Substances Act; and

(5) Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

3. In review of the aforementioned statutory authority and corresponding case law as well as the Pre-Sentence Investigation Report, Mr. Thompson should be deemed eligible for such benefits as the Safety Valve provides.

4. First, Recklessly Endangering Another Person does not meet the threshold of a "crime of violence" as defined by the U.S. Sentencing Commission Guidelines. *See*, USSG § 4B1.2(a); *and see* 18 Pa.C.S. § 2705 ("A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury").

5. There is not a requirement for the "use, attempted use, or threatened use of physical force against the person of another" as §4B1.2 requires embodied in the Recklessly Endangering Another Person statute.

6. Further, the acts may be done recklessly or unintentionally to satisfy the state crime, while the Sentencing Commission appears to contemplate an intentional action to be taken.

7. Thus, the 2-point offense Mr. Thompson entered a *nolo contendre* plea to is not dispositive of his eligibility for the Safety Valve, as it does not meet the requirements for being a 2-point offense that is a crime of violence.
8. Further, ***United States v. Lopez***, indicates that all three of the subsections pertaining to his prior record must be satisfied. 998 F.3d 431, 438 (7th Cir. 2021).
9. Specifically, the ***Lopez*** Court notes that a person, to be ineligible for the Safety Valve, must meet (a) the four points in criminal history points, excluding one point offenses; (b) no 2-point prior violent offenses; and (c) no 3-point prior offenses. ***Id.***
10. In this case, Mr. Thompson has more than 4 criminal history points; and a 3-point prior offense but does not have a prior 2-point violent offense.
11. It is worth noting that this case is persuasive on this Court and the Circuits do appear to be split on the legislative intent behind the choice of "and" versus "or", however, such an interpretation aligns with the intentions of the legislature in affording the contemplation of Mr. Thompson's awarding of a downward deviation from the mandatory minimum.
12. In terms of the remaining prongs of Safety Valve eligibility, Mr. Thompson did not use a firearm in furtherance of the instant offense or threaten violence.
13. Mr. Thompson did not hurt anyone.
14. Mr. Thompson was not the leader of this offense.
15. The final element is left for the Court to decide if it is satisfied and need not be addressed at this juncture.
16. A hearing on Safety Valve eligibility may be beneficial for all involved to discern Safety Valve eligibility prior to sentencing, such that the sentencing does not become centered around Safety Valve eligibility and permits a full contemplation of the sentencing factors.

WHEREFORE, it is respectfully requested that Mr. Thompson be deemed Safety Valve eligible, or inquire further into the issue such that proper considerations can be given to determine Safety Valve eligibility. A proposed order to such effect is filed herewith.

Respectfully submitted,
SEBALD, HACKWELDER & KNOX

*s/Douglas H. Sullivan*
Douglas H. Sullivan, Esquire
*Counsel for Marcus Thompson*
SEBALD, HACKWELDER & KNOX
137 E. 13TH Street,
Erie, PA 16503
Phone: 814-833-1987
Fax: 814-616-4095
E-mail: dhs@shkerie.com
Attorney ID No. 321060

Dated: 12/21/23