UNITED STATES OF AMERICA DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | DOCKET NO. 1:21-10- |
| MARCUS THOMPSON | : | |
| DEFENDANT. | : | |

**DEFENDANT'S SENTENCING MEMORANUM**

Marcus Thompson, Defendant, by and through Counsel, Sebald, Hackwelder & Knox, Attorney Douglas H. Sullivan, Esquire, hereby files Defendant's Sentencing Memorandum. It is averred as follows:

**BACKGROUND**

Marcus Thompson presents to the Court as a 37 year old male. He indicates he grew up in the City of Erie with a background which includes residing with his mother and siblings as the oldest sibling. He saw the largest struggle with his mother and family, as he was the first born to his teenaged mother. He indicates he grew up with enough to get by, but not much more. He also indicates he grew up seeing older peers with money due to engaging in illegal activities, and thus, spawned the want to get money early in his life, so that he could obtain the things he wanted but could not otherwise afford.

He indicates as a juvenile, he was placed in a high school, and then as he transferred back at the eleventh hour, he was told he would not be graduating. On January 3, 2024, Mr. Thompson seeks to get his GED with the results coming forthright. Mr. Thompson further had a child while in high school and quickly needed to provide for his child and the child's mother, who was from a background where the pregnancy was not readily acceptable.

Mr. Thompson has an adult record of Recklessly Endangering Another Person, a misdemeanor of the second degree, from when he was 19 years old and two felony Conspiracy convictions, amongst other lesser offenses including traffic violations and zoning ordinances.

Since the investigation and arrest of Mr. Thompson regarding these charges, Mr. Thompson presents as someone who comprehends the gravity of his decisions, appreciates the circumstances, and has since changed his mindset.

Mr. Thompson after his release, began working at Amazon as a delivery driver. He worked hard and continued to earn income in a legitimate way to be able to invest it and attempt to accumulate capital to invest in himself, and ultimately provide for his family. As he is situated today, Mr. Thompson operates several Pennsylvania Games of Skill commercial locations that is driving the revenue he earns. Mr. Thompson's motivations, as he puts it, are delayed gratification and building slowly, as juxtaposed with his "get what you want now" juvenile mindset that he endured up until these charges came forth.

Mr. Thompson has taught himself a great deal about how to lead a lawful, productive life including how to get to a point where he can successfully invest in business endeavors without needing large sums of capital to purchase properties by way of demonstrating revenue from real estate as usable income for consideration in financing real estate investments. This information was not apparent to him previously, and it is worth noting that it is not due to his lack of interest in accumulating wealth in a lawful manner. Largely, he did not ever have access to this information before and has taken the time to evaluate his life and make better decisions.

**A. Sentencing Guideline Factors**

When sentencing the Defendant, the following factors should be considered:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote to respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; . . .

(3) The kind of sentences available;

(4) The kinds of sentences and the sentencing range established for – (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines - . . .

(5) Any pertinent policy statement – (A) issued by the Sentencing Commission . . .

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

18 U.S.C. § 3553(a).

**B. Application of the Guidelines and Request for Downward Deviation**

The request for a downward deviation is premised in large part upon *Booker*, and the Safety Valve considerations.

As stated above, Mr. Thompson does not present as the stereotypical individual coming before the Court. He is not a hardened criminal and he is not engaged in criminal thinking, despite how his actions present. Mr. Thompson is a business minded individual who has not been afforded the outlets and resources others are afforded, and thus, fell into the wrong situations from an early age to accumulate wealth. In his recent reflections while this matter is pending, Mr. Thompson has

learned the pleasure in delayed gratification. Thus, the characteristics of Mr. Thompson warrant considerations for a downward departure from the standard range.

In review of the circumstances and nature of the charges, Mr. Thompson was engaged in drug dealing endeavors, the nature of which was not anything inherently distinguishing. By that, Mr. Thompson was not a large scale dealer and is not a career drug dealer. In review of the prior convictions of what is characterized as prior drug offenses, Mr. Thompson's prior convictions related to drugs are Crimes Code offenses under the Conspiracy offense. The underlying substance is marijuana and is due to Mr. Thompson marijuana use. He was not distributing large scale, but to other people within his social circle to perpetuate his use.

In review of the need to fashion a sentence that reflects the seriousness of the offense with an eye towards promoting a respect for the law and provide for a just punishment. Mr. Thompson has reflected on the seriousness of the offense and his passion for engaging in lawful business endeavors demonstrates his respect for the law, the need for deterrence, and protect the community from further crimes from the defendant. To be clear, Mr. Thompson is not a threat to re-offend at this time in Counsel's eyes. In terms of a just punishment, the suggested punishment stated below accounts for this.

In review of the standard range, Mr. Thompson's standard range as calculated is 84 to 105 months. In consideration of Mr. Thompson as a person and where he stands, such a sentence, even on the low end of the standard range, is high. As stated in the Motion for Safety Valve Eligibility, Mr. Thompson should be considered for Safety Valve eligibility and consideration of a downward departure based on his circumstances.

The Government appears further to be inclined to argue Mr. Thompson's subsequent search and the recovery of a firearm aligns with him being ineligible. However, the firearm seized in the

superseding indictment that is not being pursued does not demonstrate that Mr. Thompson had a firearm at the time of the indictment and the conduct setforth in this matter. There may be an effort to demonstrate as much, but the rumors of a firearm are insufficient to demonstrate a firearm was present during the commission of the acts engaged in 2019. As such, there is no use of a firearm in the commission of the offense, or relevant conduct that would disqualify him from 18 U.S.C. § 3553(f) Safety Valve eligibility.

The downward departure from the standard range should afford Mr. Thompson a sentence of 48 months to afford him the opportunity to appreciate the gravity of the offense and continue to reflect on himself, which affords him a downward deviation from the standard range, and accounts for the Safety Valve eligibility. If Mr. Thompson is not deemed to be Safety Valve Eligible, in the alternative, it would be argued the mandatory minimum 60 months of incarceration would be appropriate, and afford him the opportunity to engage in programming with the Department of Corrections.

In review of his circumstances, conversations with Mr. Thompson have been akin to viewing his sentence as an opportunity to treat this as college – an opportunity to be removed from the daily obligations to learn and better himself through resources available in a Federal Prison. The opportunities include the ability to access information regarding business strategies and to learn about how to more effectively operate his business. The time stated above also avoids unraveling his progress and permits him the ability to have his business support his family while he is unavailable. The conversations have not been centered on avoiding recidivism, in large part because in my professional opinion, Mr. Thompson is a low-risk to engage in criminality following this case.

### C. Remand of the Defendant to Custody of the U.S. Marshals

Based on the timing of Mr. Thompson's sentencing, it is requested that remand into custody be deferred for the next 60 days to allow him to properly prepare and file his taxes on his business, as well as make sure his business is situated as best as possible for the foreseeable future to operate while he is incarcerated.

### D. Conclusion

It is respectfully requested that Mr. Thompson be sentenced to 48 months of incarceration, or in the alternative, 60 months of incarceration, which is a downward deviation from the standard range, due in large part to Mr. Thompson's character and reflection that has already occurred while this matter has been pending.

Respectfully submitted,
SEBALD, HACKWELDER & KNOX

*s/ Douglas H. Sullivan*
SEBALD, HACKWELDER & KNOX
137 E. 13th Street,
Erie, PA 16503
Phone: 814-833-1987
Fax: 814-616-4095
E-mail: dhs@shkerie.com
Attorney ID No. 321060
*Counsel for Defendant*

Dated: